UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR A. ROJAS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>  Defendants. | Case No. 24-cv-04075-TLT<br><br>**ORDER DISMISSING FOR LACK OF JURISDICTION**<br><br>Re: Dkt. Nos. 2, 19, 26 |

Plaintiffs Cesar Rojas and Greysa Ramirez (collectively, "Plaintiffs") seek injunctive relief against Defendants United States and the Internal Revenue Service ("IRS"), prohibiting them from collecting federal income taxes as well as compensatory and punitive damages. ECF 2. Before the Court is Defendants' Motion to Dismiss Plaintiffs' allegations. ECF 19. Defendants allege that (1) the case is barred by res judicata and collateral estoppel; (2) the Court lacks subject matter jurisdiction over this action; (3) Plaintiffs fails to state a cognizable legal claim; and (4) Plaintiffs fail to otherwise show that they are entitled to equitable relief. *Id.*

Having considered the motions and briefings, the Court **DISMISSES** Plaintiffs' Complaint for a lack of subject matter jurisdiction under the Anti-Injunction Act for the reasons stated below. As a result, Defendants' Motion to Dismiss and the Motion for Permanent Injunction are **DENIED** as moot.

**I.   PROCEDURAL HISTORY AND BACKGROUND**

On February 7, 2024, Plaintiffs filed a complaint and a motion for temporary injunction against the IRS to enjoin the Government from levying taxes against them and to request millions in damages. *Rojas v. IRS*, 3:24-cv-00725 (*Rojas I*). ECF 1, 2, 10. On May 15, 2024, the Court denied Plaintiffs' motion for a temporary injunction and dismissed the suit, finding that it was

barred by the AIA and DJA, and that this Court does not have jurisdiction. *Rojas I*, ECF 21.

On July 5, 2024, Plaintiffs again filed suit and moved for a permanent injunction against the IRS. *Rojas v. United States*, 3:24-cv-04075 (*Rojas II*). ECF 1, 2. This new motion for a permanent injunction makes nearly identical arguments as the first. ECF 2. In both, Plaintiffs argue that they do not have to pay federal income taxes under the Ninth and Sixteenth Amendments. *Id.* Defendants filed the instant motion to dismiss. ECF 19. Defendants also filed a motion to vacate case management conference and related deadlines. ECF 20. When Plaintiffs failed to respond to either motion, Defendants filed a reply to both. ECF 21, 22.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

As a threshold matter, the Court does not have jurisdiction over this case. The Anti-Injunction Act ("AIA"), which bars plaintiffs from filing "suit[s] for the purpose of restraining the assessment or collection of any tax," also precludes federal jurisdiction unless a plaintiff is able to demonstrate (1) irreparable injury or (2) certainty of success on the merits. 26 U.S.C. § 7421(a); *Hansen v. Dep't of Treasury*, 528 F.3d 597, 601 (9th Cir. 2007) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974)). Similarly, the Declaratory Judgment Act ("DJA"), which precludes federal courts from granting declaratory relief "with respect to Federal Taxes," does not confer federal subject matter jurisdiction. 28 U.S.C. § 2201(a); *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1176 (E.D. Cal. 2013). Instead, "there must be an independent basis for such jurisdiction." *Knapp*, 983 F. Supp. 2d at 1176 (citing *Staacke v. United States Secretary of Labor*, 841 F.2d 278, 280 (9th Cir. 1988)).

Here, as in *Rojas I*, Plaintiffs have not identified any of the statutory exceptions specified in the AIA or the DJA. Plaintiffs did not include facts suggesting an irreparable injury or certainty of success on the merits. Plaintiffs instead argue that the IRS' attempt to "tax is both illegal and un-Constitutional." *Rojas II*, ECF 2, at 3. Plaintiffs also failed to file a response to either Defendants' motion to dismiss or motion to vacate. Because Plaintiffs have not sufficiently plead an exception to the AIA, the AIA bars Plaintiffs' claims. The DJA also bars Plaintiffs' claims. Accordingly, because both the AIA and the DJA bar Plaintiffs' claims, the Court lacks jurisdiction

over the matter.

Because the Court lacks jurisdiction, the Court declines to review the other three causes of action in Defendants' motion to dismiss.

### III.  CONCLUSION

After review and consideration of the motion and briefings, the Court **DISMISSES** Plaintiffs' Complaint for lack of subject matter jurisdiction.  The Court **DENIES** Defendants' Motion to Dismiss and Plaintiffs' Motion for Permanent Injunction **as moot**.

The Clerk of the Court is ordered to close the case and terminate the matter.  The hearing scheduled for November 5, 2024 is hereby vacated.

This order resolves ECF 2, 19, and 26.

**IT IS SO ORDERED.**

Dated: October 3, 2024

_____
TRINA L. THOMPSON
United States District Judge

3